

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**SEP 19 2016**

JAMES W. McCORMACK, CLERK

By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSHUA ARRAS, SPECIAL ADMINISTRATOR
OF THE ESTATE OF DONOVAN ARRAS, Deceased                    PLAINTIFF

VS.                    NO. _4:16-cv-676 - BSM_

SALINE COUNTY, ARKANSAS; JP MASSIET,
Individually and in his official capacity as Detention
Administrator of the Saline County Detention Center is **case assigned to District Judge** _Miller_
of Saline County, Arkansas; RODNEY WRIGHT,
Individually and in his official capacity as Sheriff **and to Magistrate Judge** _Kay_
of Saline County, Arkansas; SOUTHERN HEALTH
PARTNERS, INC.; AND JANE AND JOHN DOES I-V                    DEFENDANTS

## NOTICE OF REMOVAL

Come Defendants, Saline County, Arkansas, J.P. Massiet, and Rodney Wright, and for their

Notice of Removal, state:

1. On August 29, 2016, Plaintiff Joshua Arras, Special Administrator of the Estate of

Donovan Arras, Deceased, brought an action in state court against Defendants, Saline County,

Arkansas; JP Massiet, Individually and in his official capacity as Detention Administrator of the

Saline County Detention Center of Saline County, Arkansas; Rodney Wright, Individually and in his

official capacity as Sheriff of Saline County, Arkansas; Southern Health Partners, Inc.; and Jane and

John Does I-V . The case is Saline Circuit No. 63CV-16-714-2.

2. Removal jurisdiction is conferred by 28 U.S.C. § 1441(a) and 28 U.S.C. § 1441(c).

Specifically, Plaintiff's Complaint alleges a violation of civil rights, and brings the action pursuant

to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the Constitution of the United

States. *Plaintiff's Complaint, paragraphs 9, 44, 53, and 62*.

3. Plaintiff also alleges a constitutional deprivation under the Arkansas Constitution. *Plaintiff's Complaint, paragraph 9.*

4. Because the federal claim in this action is a claim "arising under the Constitution, laws, or treaties of the United States," the United States District Court for the Eastern District of Arkansas would have original jurisdiction under 28 U.S.C. § 1331.

5. Because the specific subject matter of this action involves an attempt to recover damages for a deprivation of civil rights, the United States District Court for the Eastern District of Arkansas would have original jurisdiction under 28 U.S.C. § 1343.

6. Because the subject matter of the state law claim is identical to the subject matter of the federal claim, the United States District Court for the Eastern District of Arkansas would have original jurisdiction to adjudicate the state law claim under 28 U.S.C. § 1367 (supplemental jurisdiction).

7. This notice is timely filed. As required by 28 U.S.C. § 1446(a), the state court Complaint and Summonses are attached hereto.

8. Written notice of the filing of this Notice of Removal is being served this date on counsel for Plaintiff, and is also being filed this date with the Circuit Clerk of Saline County, Arkansas.

GEORGE D. ELLIS (Ark. Bar No. 72035)
Attorney for Defendants
Ellis Law Firm, P.A.
126 North Main Street
Benton, Arkansas 72015
(501) 315-1000 (telephone)
(501) 315-4222 (fax)
*gellisinbenton@swbell.net*

2

## CERTIFICATE OF SERVICE

I do hereby certify that on this _____ day of _____, 2016, a copy of the above and foregoing document has been forwarded to attorney for Plaintiff, Ms. A. Paige Breech, Attorney at Law, The Law Offices of Peter A. Miller, 1601 Broadway, Little Rock, Arkansas 72206; and Southern Health Partners, Inc., agent for service: CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

_____
GEORGE D. ELLIS

3

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
**2nd** DIVISION

JOSHUA ARRAS, SPECIAL ADMINISTRATOR
OF THE ESTATE OF DONOVAN ARRAS, Deceased                    **PLAINTIFF**

V.                    CASE NO. **63CV-16-714-2**

SALINE COUNTY, ARKANSAS; JP MASSIET, individually and
In his official capacity as Detention Administrator of the Saline
County Detention Center of Saline County, Arkansas;
RODNEY WRIGHT, individually and in his official capacity
as Sheriff of Saline County, Arkansas; SOUTHERN HEALTH
PARTNERS, INC.; AND JANE AND JOHN DOES I-V                    **DEFENDANTS**

FILED
SALINE COUNTY CIRCUIT CLERK
09/29/16 11:25:34
BY **EA**

## COMPLAINT AT LAW

Comes now the Plaintiff, Joshua Arras, as Special Administrator of the Estate of

Donovan Arras, deceased, by and through his attorneys, The Law Offices of Peter Miller, and for

his Complaint against the Defendants, states and alleges as follows:

### I. INTRODUCTION

1.    This case alleges Saline County Detention Center (hereafter known as "SCDC")

and its officers and employees acted in violation of 42 U.S.C. §1983 in the unconstitutional

treatment leading to death of Donovan Arras, a former detainee at SCDC.

2.    Plaintiff also alleges medical malpractice and negligence by Southern Health

Partners, Inc. and their agents and employees in the care provided to Donovan Arras while he

was detained at SCDC.

### II. PARTIES

3.    Joshua Arras is the Special Administrator for the Estate of Donovan Arras,

deceased, by order of Saline County Court, Probate Division, Case No. 63PR-16029-4. Donovan

1

Arras was a resident of Faulkner County, Arkansas. Joshua Arras is a resident of Saline County, Arkansas.

4.      Defendant Saline County, Arkansas, is a duly organized political subdivision of the State of Arkansas, which, exercising powers conferred upon it by the State of Arkansas is responsible for the acts and practices of SCDC and is also responsible for the acts or omissions of its officers and employees.

5.      Defendant JP Massiet is and was at all times relevant hereto employed as the Detention Administrator at SCDC. He may be served at his place of employment, The Saline County Detention Center, 735 S. Neeley St., Benton, Arkansas.

6.      Defendant Rodney Wright is and was at all times relevant hereto the Sheriff of Saline County, Arkansas. He may be served at his place of employment at 735 S. Neeley St., Benton, Arkansas.

7.      Defendant Southern Health Partners, Inc. is a for profit corporation licensed to do business in the State of Arkansas and may be served through their registered agent, CT Corporation System, 124 Capitol Avenue, Suite 1900, Little Rock, Arkansas.

8.      John and Jane Does I-V are employees and or officers of SCDC or Southern Health Partners, Inc. who participated in, acted, or acted through omission against Donovan Arras in the cause of his death at SCDC.

**III.   JURISDICTION**

9.      Plaintiff brings this action pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment to the Constitution of the United States Constitution and Arkansas Code Annotated

2

§16-62-102. Plaintiff also brings state causes of action under Arkansas Code Annotated §16-62-102, and 16-114-201, et seq., as well as, common-law doctrines of negligence.

10.     This Court has jurisdiction over state law claims and concurrent jurisdiction over 42 U.S.C. §1983 claims as explained and decided in *Haywood v. Drown*, 556 U.S. 729 (2009).

11.     Venue is proper as the acts alleged of occurred in Saline County, Arkansas.

## IV.     FACTUAL ALLEGATIONS

12.     Upon information and belief, Southern Health Partners, Inc. provided the medical staffing for the SCDC during all relevant periods of time alleged herein.

13.     On November 7, 2015, Mr. Arras was arrested for a probation violation and placed in custody at the SCDC.

14.     Mr. Arras had Type 1 Diabetes which he had sought treatment for over the majority of his life. Mr. Arras was prescribed and had to take prescription medication every day for his Type 1 Diabetes.

15.     Upon information and belief, Donovan Arras was instructed to take his prescription diabetes medication, Humilin N and Humilin R, twice a day and daily, respectively.

16.     Upon information and belief, Donovan Arras was instructed to monitor his blood glucose levels, as paramount to his treatment of his Type 1 Diabetes . A blood glucose reading over 200 mg/dL was high and signaled the immediate need for medication and treatment.

17.     Mr. Arras's diabetes meant his body produced little to no insulin, which was required for his body to move glucose in his blood into his cells for energy and bodily function. If untreated, the glucose in his blood would build-up and cause life-threatening complications and

3

death.

18.     Mr. Arras's diabetes was documented in his intake forms at SCDC, and his Inmate Medical Form listed that he had been hospitalized for his diabetes three weeks prior to his arrest.

19.     Donovan Arras's father, Jimmy Ray Arras, also took Donovan Arras's prescription medication to the SCDC shortly after his arrest.

20.     Defendants, including the officers and employees of SCDC and medical staff employed by Southern Health Partners, Inc. knew of Donovan Arras's diabetic health condition and knew that Mr. Arras's health was exclusively under their care and control while he was detained at the SCDC.

21.     Defendants deliberately and willfully failed to provide self-evident medical treatment, including the administration of life sustaining prescription medications, to Donovan Arras.

22.     Upon information and belief, Donovan Arras himself told officers and employees of SCDC that he needed his diabetes medication.

23.     While in custody at SCDC, Donovan Arras also exhibited physical symptoms indicating his need for medical attention, including vomiting, weakness, failure to eat, unresponsiveness, and lack of movement.

24.     Donovan Arras's need for immediate medical attention and treatment was self-evident and otherwise known to each of the Defendants at all times relevant to this complaint.

25.     Each of the Defendants knew of Donovan Arras's diabetic condition and the need

4

for him to receive appropriate medical treatment, including having his medications administered as prescribed.

26.     Two days after his arrest on November 9, 2015, medical staff at SCDC note Donovan Arras was "taken to booking due to being diabetic and vomiting profusely." A nurse checked his blood sugar, which was 452 mg/dL, and gave him 5 units of Humilin R and 30 units of Humilin N. The nurse also indicated that Mr. Arras's "insulin was placed into the [infirmary] refrigerator.

27.     Later on November 9, 2015, Donovan Arras was again vomiting and, without checking his blood sugar, is given Promethazine.

28.     Donovan Arras was not treated again or given his insulin for three days until November 12, 2015 at approximately 2:25p.m. when he was brought to the infirmary. While at the infirmary on November 12, 2015, Donovan Arras's blood sugar was checked and recorded as 381 mg/dL. He was given 5 units of Humilin R and 30 units of Humilin N.

29.     Donovan Arras is placed into holding cell 5 at SCDC on November 12, 2015 at approximately 3:20p.m. and does not leave this cell again until his death the evening of November 15, 2015.

30.     On November 13, 2015, Donovan Arras is seen by a nurse, who witnesses his vomiting. The nurse checked Arras's blood sugar ,which is recorded as 351. Arras was given 30 units of Humilin R and 8mg Zofran.

31.     On November 14, 2015, Corporeal Threlkeld called the nurse to report Donovan Arras was vomiting and requested permission to give him Phenergan for the vomiting.

5

32. Upon information and belief, the nurse told Corporeal Threlkeld to check Donovan Arras's blood sugar, to give him insulin if it was over 200, and to record the readings. The nurse's notes make no mention as to Donovan Arras's blood glucose readings or whether he was given his diabetes medication at this time. This is the last note made by nurses regarding Donovan Arras.

33. Over the next 24 hours, from approximately noon on November 14, 2015 through noon on November 15, 2015, Donovan Arras removes his clothing and lays down in his holding cell. He does not eat any of the food that is brought to his cell and makes no noticeable movement.

34. A guard comes to his cell and nudges Donovan Arras's shoulder on November 15, 2015 between 11:00am and 11:30am. Arras does not move and the guard leaves his cell.

35. Between approximately 1:00p.m. and 1:30p.m, a food tray is delivered to Donovan Arras. Mr. Arras does not move and the tray is left untouched until another guard comes in to retrieve the tray. Neither guard checks on Mr. Arras.

36. Between approximately 3:15p.m. and 3:30p.m. on November 15, 2016, a guard comes into Donovan Arras's cell and quickly throws a blanket over Mr. Arras's exposed naked body and leaves. Mr. Arras still has not made any movements.

37. At approximately 5:35p.m. on November 15, 2015, a guard comes into Donovan Arras's holding cell and sees that he is unresponsive and checks his pulse. Other personnel at SCDC are alerted and come in to also check his pulse and roll him over onto his back.

38. At approximately 5:45p.m. additional staff along with Benton fire and rescue

6

come to Donovan Arras's holding cell and a final check for a heartbeat is performed with confirms that Mr. Arras had died.

39.     The exact time of Donovan Arras's death is unknown but is believed to have occurred some time between the hours of 4:00a.m. and 5:25p.m. on November 15, 2016.

40.     Donovan Arras's body was sent to the Arkansas State crime Laboratory  and an autopsy was performed on November 16, 2015.

41.     The results of Donovan Arras's autopsy stated his cause of death was diabetic ketoacidosis. The medical examiner's findings during the autopsy supported this conclusion. Those supporting findings include: severely high levels of glucose and ketones in Mr. Arras's urine, blood glucose reading of 506 mg/dL, signs of dehydration, Mr. Arras's history of type 1 diabetes, and that Mr. Arras had no other significant external or internal injuries or any other life-threatening findings.

42.     Donovan Arras is survived by his wife, Amber Arras; a daughter, Grace Arras; his father, Jimmy Ray Arras; his mother, Bernadette Arras; a sister, Kim Gaitlin; and a brother, Joshua Arras.

## V. CAUSES OF ACTION

### COUNT 1- DUE PROCESS VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

43.     The above paragraphs are hereby restated and alleged as if fully incorporated herein.

44.     Defendants Saline County, Arkansas; JP Massiet; Rodney Wright; and Jane and

7

John Does I-V, violated Donovan Arras's constitutional rights to due process under the Fourteenth Amendment to the United States Constitution.

45. Defendants actions and omissions violating Donovan Arras's constitutional rights were performed under the color of the law and pursuant to state authority giving rise to a violation of 42 U.S.C. § 1983.

46. Defendants, acting under the color of state law and pursuant to state authority, had a duty to protect Donovan Arras's constitutional rights and to be secure in his life and person while confined by Defendants.

47. Defendant officer and employees of SCDC at all times pertinent hereto were acting in accordance with SCDC policy, practices, training, and procedures.

48. Defendants had a duty to protect Donovan Arras against deliberate indifference to his serious medical need.

49. Defendants knew of Donovan Arras's serious medical need and that their action or inaction could cause him substantial harm.

50. Defendants failed their duty to Donovan Arras by:

    a. Not providing adequate or appropriate medical care;

    b. Failing to provide him with his prescribed medications;

    c. Failing to adequately supervise or monitor Donovan Arras;

    d. Failing to provide him safe confinement while under state control;

    e. Acting with deliberate indifference, willfulness, and recklessness for his medical needs; and

8

    f.      Through their acts and omissions failed to protect his rights to due process under the United State Constitution.

51.     As a result of Defendants conduct, Donovan Arras endured unnecessary pain and suffering for the duration of his confinement at SCDC and died as a result of the acts and omissions by Defendants.

## COUNT II- CRUEL AND UNUSUAL PUNISHMENT VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

52.     The above paragraphs are hereby restated and alleged as if fully incorporated herein.

53.     Defendants Saline County, Arkansas; JP Massiet; Rodney Wright; and Jane and John Does I-V, violated Donovan Arras's constitutional right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

54.     Defendants' actions and omissions violating Donovan Arras's constitutional rights were performed under the color of the law and pursuant to state authority giving rise to a violation of 42 U.S.C. § 1983.

55.     Defendants, acting under the color of state law and pursuant to state authority had a duty to protect Donovan Arras's constitutional rights and ensure he was not subjected to cruel and unusual punishment.

56.     Defendant officer and employees of SCDC at all times pertinent hereto were acting in accordance with SCDC policy, practices, training, and procedures.

57.     Defendants had a duty to protect Donovan Arras against deliberate indifference to

9

his serious medical need.

58.     Defendants knew of Donovan Arras's serious medical need and that their action or inaction could cause him substantial harm.

59.     Defendants failed their duty to Donovan Arras by:

        a.     Not providing adequate or appropriate medical care;

        b.     Failing to provide him with his prescribed medications;

        c.     Failing to adequately supervise or monitor Donovan Arras;

        d.     Failing to provide him safe confinement while under state control;

        e.     Acting with deliberate indifference, willfulness, and recklessness for his medical needs; and

        f.     Through their acts and omissions failed to protect his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

60.     As a result of Defendants conduct, Donovan Arras endured unnecessary pain and suffering for the duration of his confinement at SCDC and died as a result of the acts and omissions by Defendants.

## COUNT III- EQUAL PROTECTION VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

61.     The above paragraphs are hereby restated and alleged as if fully incorporated herein.

62.     Defendants Saline County, Arkansas; JP Massiet; Rodney Wright; and Jane and

10

John Does I-V, violated Donovan Arras's constitutional right to equal protection under the Fourteenth Amendment to the United States Constitution.

63.     Defendants' actions and omissions violating Donovan Arras's constitutional rights were performed under the color of the law and pursuant to state authority giving rise to a violation of 42 U.S.C. § 1983.

64.     Defendant officer and employees of SCDC at all times pertinent hereto were acting in accordance with SCDC policy, practices, training, and procedures.

65.     Defendants, acting under the color of state law and pursuant to state authority had a duty to protect Donovan Arras's constitutional rights and right to equal protection.

66.     Defendants knew of Donovan Arras's serious medical need and that their conduct could cause him substantial harm.

67.     Defendants failed their duty to Donovan Arras by:

       a.     Not providing adequate or appropriate medical care;

       b.     Failing to provide him with his prescribed medications;

       c.     Failing to adequately supervise or monitor Donovan Arras;

       d.     Failing to provide him safe confinement while under state control;

       e.     Acting with deliberate indifference, willfulness, and recklessness for his medical needs; and

       f.     Upon information and belief, through their acts and omissions failed to provide the medical treatment accorded to similarly situated citizens.

68.     As a result of Defendants conduct, Donovan Arras endured unnecessary pain and suffering for the duration of his confinement at SCDC and died as a result of the acts and omissions by Defendants.

COUNT IV- MEDICAL MALPRACTICE

69.     The above paragraphs are hereby restated and alleged as if fully incorporated herein.

70.     Defendant Southern Health Partners, Inc., and Jane and John Does I-V had a duty to provide an appropriate standard of professional care with respect to their treatment of detainees at the SCDC, including Donovan Arras.

71.     Defendants breached this duty to Donovan Arras by:

      a.     Failing to provide adequate medical care;

      b.     Failing to provide the adequate standard of medical care;

      c.     Failing to apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of their profession in good standing engaged in the same type of service in the same or similar locality in which they treat patients;

      d.     Failing to monitor, follow-up, and check on him when they knew of his serious medical condition and need;

      e.     Failing to administer to him his prescribed medications;

      f.     Failing to complete and maintain complete and comprehensive medical records; and

12

g.   Negligently directing non-medical staff at SCDC to provide medical care for which they were not licensed, qualified, or adequately trained to perform.

72.   As a result of Defendants conduct, Donovan Arras endured bodily harm, and unnecessary pain and suffering for the duration of his confinement at SCDC and died as a result of the acts and omissions by Defendants.

73.   Defendants are guilty of medical malpractice which was the proximate cause of Donovan Arras's bodily harm, pain, suffering, and death.

## VI.   DAMAGES

74.   That as a result of the Defendant's conduct, acts, and omissions Donovan Arras, was damaged as follows:

a.   He suffered severe bodily harm that resulted in his death, and

b.   He endured unnecessary pain, suffering, and mental anguish.

75.   Defendants are liable in damages to Donovan Arras's estate for his wrongful death which occurred as a result of Defendants' conduct, acts, and omissions, including but not limited to past and future income loss.

76.   Defendants are liable in damages to the wrongful death beneficiaries for Donovan Arras's wrongful death which occurred as a result of their conduct, acts, and omissions, including but not limited to damages for loss of consortium and mental anguish to Donovan Arras's wife, Constance Amber Arras, and for loss of the instruction and the physical, moral and intellectual training of a parent to Donovan Arras's minor child.

13

## VII.   JURY TRIAL.

77.   The Plaintiff demands a jury trial.

WHEREFORE, Plaintiff requests this Court to grant him a jury trial and award the

Decedent's estate and beneficiaries judgment against the Defendant in a sum which will

reasonably compensate the Decedent and his beneficiaries for his wrongful death and for all other

just and proper relief to which he may be entitled.

Respectfully submitted,

THE LAW OFFICES OF
PETER A. MILLER
1601 Broadway
Little Rock, AR  72206
Tel: (501)  374-6300
Fax: (501) 907-0661
pedgin@petermillerlaw.com

By: _____
      A. Paige Breech
      Attorney at Law
      AR Bar # 2012240

14

IN THE CIRCUIT COURT OF _____SALINE_____ COUNTY, ARKANSAS

63CV-16-714-2

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form — CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE — and return to the Circuit Clerk.

FILED
SALINE COUNTY CIRCUIT CLERK
09/29/16 11:25:50
BY _____ EA _____

1601 South Broadway
Little Rock, Ar. 72206

**Law Offices of**

Pine Bluff (870) 541-9000

| Tel | (501) 374-6300 |
| Fax #1 | (501) 374-1244 |
| Fax #2 | (501) 907-0661 |
| | 1-800-726-6300 |

# Peter A. Miller PA

pmiller@petermillerlaw.com
**www.petermillerlaw.com**

August 26, 2016

Saline County Circuit Clerk
200 N. Main St.
Benton, AR 72015

63CV-16-714-2
FILED
SALINE COUNTY CIRCUIT CLERK
09/26/16 11:25:57
B: _____ 5A

RE:   New Civil Case Filing
*Arras v. Saline County, et al*

Dear Clerk:

Please find enclosed a cover sheet, Complaint at Law, and drafted summons for the Defendants. We have enclosed our originals as well as a copy. We ask that you please file the enclosed documents and send us a file marked copy in the enclosed return envelope. Our check for the $165 filing fee is also enclosed. If we can be of any assistance, please give us a call at 501-374-6300.

Sincerely,

*Paige Edgin*

Paige Edgin

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
2nd DIVISION

JOSHUA ARRAS, SPECIAL ADMINISTRATOR
OF THE ESTATE OF DONOVAN ARRAS, Deceased                    **PLAINTIFF**

V.                                    CASE NO. C3CV-16-714-2

SALINE COUNTY, ARKANSAS; JP MASSIET, individually and
In his official capacity as Detention Administrator of the Saline
County Detention Center of Saline County, Arkansas;
RODNEY WRIGHT, individually and in his official capacity
as Sheriff of Saline County, Arkansas; SOUTHERN HEALTH
PARTNERS, INC.; AND JANE AND JOHN DOES I-V                  **DEFENDANTS**


## SUMMONS

### THE STATE OF ARKANSAS TO DEFENDANT:

Jeff Arey, as County Judge & CEO of Saline County
Saline County Courthouse
200 N. Main St., Room 117
Benton, AR 72015

A lawsuit has been filed against you. The relief demanded is stated in the attached
complaint. Within 30 days after service of this summons on you (not counting the day
you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other
correctional facility in Arkansas — you must file with the clerk of this court a written
answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil
Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose
name and address are: A. Paige Breech, The Law Offices of Peter Miller, 1601
Broadway, Little Rock, AR 72206

If you fail to respond within the applicable time period, judgment by default may be
entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

200 N. Main, Rm 113

Benton, AR 72015

Myra Bono Sample

Celeste Alvarado, DC

[Signature of Clerk or Deputy Clerk]

Date: August 29, 2016

[SEAL]

No. _____   **This summons is for Jeff Arey.**

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____ [address] with _____ [name], a
person at least 14 years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____ [name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two copies
of a notice and acknowledgment and received the attached notice and acknowledgment form
within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ ____.

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
2nd DIVISION

**JOSHUA ARRAS, SPECIAL ADMINISTRATOR**
**OF THE ESTATE OF DONOVAN ARRAS, Deceased**                    **PLAINTIFF**

V.                          CASE NO. 63CV-16-714-2

**SALINE COUNTY, ARKANSAS; JP MASSIET, individually and**
**In his official capacity as Detention Administrator of the Saline**
**County Detention Center of Saline County, Arkansas;**
**RODNEY WRIGHT, individually and in his official capacity**
**as Sheriff of Saline County, Arkansas; SOUTHERN HEALTH**
**PARTNERS, INC.; AND JANE AND JOHN DOES I-V**              **DEFENDANTS**


SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

JP Massiet
Saline County Detention Center
735 S. Neeley St.
Benton, AR 72015

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: A. Paige Breech, The Law Offices of Peter Miller, 1601 Broadway, Little Rock, AR 72206

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

_200 N. Main, Rm 113_
_Benton, AR 72015_

_Myla Bono Sample_

_Ce,Barye Aluards, DC._

[Signature of Clerk or Deputy Clerk]

Date: _August 29, 2016_

[SEAL]

No. _____   This summons is for JP Massiet.

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two copies
of a notice and acknowledgment and received the attached notice and acknowledgment form
within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ ____.

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
2nd DIVISION

JOSHUA ARRAS, SPECIAL ADMINISTRATOR
OF THE ESTATE OF DONOVAN ARRAS, Deceased                    **PLAINTIFF**

V.                          CASE NO. 63CH-16-714-2

SALINE COUNTY, ARKANSAS; JP MASSIET, individually and
In his official capacity as Detention Administrator of the Saline
County Detention Center of Saline County, Arkansas;
RODNEY WRIGHT, individually and in his official capacity
as Sheriff of Saline County, Arkansas; SOUTHERN HEALTH
PARTNERS, INC.; AND JANE AND JOHN DOES I-V               **DEFENDANTS**


SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Rodney Wright,
Saline County Detention Center
735 S. Neeley St.
Benton, AR 72015

A lawsuit has been filed against you. The relief demanded is stated in the attached
complaint. Within 30 days after service of this summons on you (not counting the day
you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other
correctional facility in Arkansas — you must file with the clerk of this court a written
answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil
Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose
name and address are: A. Paige Breech, The Law Offices of Peter Miller, 1601
Broadway, Little Rock, AR 72206

If you fail to respond within the applicable time period, judgment by default may be
entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

200 N. Main, Rm 113

Benton, AR 72015

Myra Bono Sample

*Robert Alvarado, a.*
[Signature of Clerk or Deputy Clerk]

[SEAL]

Date: August 29, 2016

No. _____   This summons is for Rodney Wright.

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____ _____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
2ND DIVISION

JOSHUA ARRAS, SPECIAL ADMINISTRATOR
OF THE ESTATE OF DONOVAN ARRAS, Deceased                    PLAINTIFF

V.                          CASE NO. 63CV-16-714-2

SALINE COUNTY, ARKANSAS; JP MASSIET, individually and
In his official capacity as Detention Administrator of the Saline
County Detention Center of Saline County, Arkansas;
RODNEY WRIGHT, individually and in his official capacity
as Sheriff of Saline County, Arkansas; SOUTHERN HEALTH
PARTNERS, INC.; AND JANE AND JOHN DOES I-V                  DEFENDANTS


SUMMONS


THE STATE OF ARKANSAS TO DEFENDANT:

Southern Health Partners, Inc.
CT Corporation System
124 Capitol Ave., Ste. 1900
Little Rock, AR

A lawsuit has been filed against you. The relief demanded is stated in the attached
complaint. Within 30 days after service of this summons on you (not counting the day
you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other
correctional facility in Arkansas — you must file with the clerk of this court a written
answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil
Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose
name and address are: A. Paige Breech, The Law Offices of Peter Miller, 1601
Broadway, Little Rock, AR 72206

If you fail to respond within the applicable time period, judgment by default may be
entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

200 N. Main, Rm 113
Benton, AR 72015

Myra Bono Sample
Celeste Alvarez, Jr.
[Signature of Clerk or Deputy Clerk]

Date: August 29, 2016

[SEAL]

No. _____    **This summons is for Southern Health Partners, Inc.**

### PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two copies
of a notice and acknowledgment and received the attached notice and acknowledgment form
within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ ____.