IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSHUA ARRAS, SPECIAL ADMINISTRATOR
OF THE ESTATE OF DONOVAN ARRAS, Deceased                    PLAINTIFF

VS.                                    NO. 4:16-cv-676

SALINE COUNTY, ARKANSAS; JP MASSIET,
Individually and in his official capacity as Detention
Administrator of the Saline County Detention Center
of Saline County, Arkansas; RODNEY WRIGHT,
Individually and in his official capacity as Sheriff
of Saline County, Arkansas; SOUTHERN HEALTH
PARTNERS, INC.; AND JANE AND JOHN DOES I-V                DEFENDANTS

**SEPARATE ANSWER OF SALINE COUNTY, ARKANSAS,
JP MASSIET, AND RODNEY WRIGHT**

Come Saline County, Arkansas, JP Massiet, and Rodney Wright, and for their separate

answer to the complaint of Plaintiff, state:

1. To the extent that paragraph 1 alleges liability as against these Defendants, this paragraph

is denied.

2. The allegations contained in paragraph 2 do not require a response from these Defendants.

3. On information and belief, and subject to proof offered by Plaintiff, these Defendants

admit the allegations of paragraph 3.

4. They admit that Saline County is a political subdivision of the State of Arkansas but deny

the remaining allegations of paragraph 4.

5. They admit the allegations of paragraph 5.

Page 1

6. They admit the allegations of paragraph 6.

7. They admit the allegations of paragraph 7.

8. They admit the allegations of paragraph 8.

9. They admit that the Court has jurisdiction over the federal claims.

10. They admit that the Court has jurisdiction over the state claims.

11. They admit that the events alleged in the complaint occurred in the Eastern District of Arkansas, and that venue is proper.

12. They admit the allegations of paragraph 12.

13. They admit the allegations of paragraph 13.

14. The admit that Mr. Arras was diabetic, but deny the remaining allegations of paragraph 14.

15. They do not have sufficient information to either admit or deny the allegations of paragraph 15.

16. They do not have sufficient information to either admit or deny the allegations of paragraph 16.

17. Having admitted that Mr. Arras was diabetic, they deny the remaining allegations of paragraph 17.

18. They deny the allegations of paragraph 18.

19. They deny the allegations of paragraph 19.

20. They deny the allegations of paragraph 20.

21. They deny the allegations of paragraph 21.

22. They deny the allegations of paragraph 22.

Page 2

23. They deny the allegations of paragraph 23.

24. They deny the allegations of paragraph 24.

25. They deny the allegations of paragraph 25.

26. To the extent that paragraph 26 alleges liability as against these Defendants, the allegations are denied.

27. To the extent that paragraph 27 alleges liability as against these Defendants, the allegations are denied.

28. To the extent that paragraph 28 alleges liability as against these Defendants, the allegations are denied.

29. To the extent that paragraph 29 alleges liability as against these Defendants, the allegations are denied.

30. To the extent that paragraph 30 alleges liability as against these Defendants, the allegations are denied.

31. They deny the allegations of paragraph 31.

32. To the extent that paragraph 32 alleges liability as against these Defendants, the allegations are denied.

33. To the extent that paragraph 33 alleges liability as against these Defendants, the allegations are denied.

34. To the extent that paragraph 34 alleges liability as against these Defendants, the allegations are denied.

35. To the extent that paragraph 35 alleges liability as against these Defendants, the allegations are denied.

36. To the extent that paragraph 36 alleges liability as against these Defendants, the allegations are denied.

37. To the extent that paragraph 37 alleges liability as against these Defendants, the allegations are denied.

38. To the extent that paragraph 38 alleges liability as against these Defendants, the allegations are denied.

39. To the extent that paragraph 39 alleges liability as against these Defendants, the allegations are denied.

40. They admit the allegations of paragraph 40.

41. They deny the allegations of paragraph 41.

42. On information and belief, and subject to proof offered by Plaintiff, these Defendants admit the allegations of paragraph 42.

43. Paragraph 43 does not require a response.

44. They deny the allegations of paragraph 44.

45. They deny the allegations of paragraph 45.

46. They deny the allegations of paragraph 46.

47. They deny the allegations of paragraph 47.

48. They deny the allegations of paragraph 48.

49. They deny the allegations of paragraph 49.

50. They deny the allegations of paragraph 50, including subparagaphs a. through f.

51. They deny the allegations of paragraph 51.

52. Paragraph 52 does not require a response.

53. They deny the allegations of paragraph 53.

54. They deny the allegations of paragraph 54.

55. They deny the allegations of paragraph 55.

56. They deny the allegations of paragraph 56.

57. They deny the allegations of paragraph 57.

58. They deny the allegations of paragraph 58.

59.  They deny the allegations of paragraph 59, including subparagaphs a. through f.

60. They deny the allegations of paragraph 60.

61. Paragraph 61 does not require a response.

62. They deny the allegations of paragraph 62.

63. They deny the allegations of paragraph 63.

64. They deny the allegations of paragraph 64.

65. They deny the allegations of paragraph 65.

66. They deny the allegations of paragraph 66.

67. They deny the allegations of paragraph 67, including subparagaphs a. through f.

68. They deny the allegations of paragraph 68.

69. Paragraph 69 does not require a response.

70. This paragraph does not appear to allege liability as against these separate Defendants, but to the extent that it does, those allegations are denied.

71. This paragraph does not appear to allege liability as against these separate Defendants, but to the extent that it does, those allegations are denied.

72. This paragraph does not appear to allege liability as against these separate Defendants,

but to the extent that it does, those allegations are denied.

73. This paragraph does not appear to allege liability as against these separate Defendants, but to the extent that it does, those allegations are denied.

74. They deny the allegations of paragraph 74, including subparagraphs a. and b.

75. They deny the allegations of paragraph 75.

76. They deny the allegations of paragraph 76.

77. These Defendants join Plaintiff in demanding trial by jury.

## Affirmative Defenses

78. This action is barred by the doctrines of statutory, qualified, and sovereign immunity.

79. This action is barred by the doctrine of estoppel.

80. The injuries, damages, and death complained of by Plaintiff were caused by the conduct of other persons, and not these separate Defendants.

81. This action is barred because decedent failed to exhaust his administrative remedy under the Prison Litigation Reform Act.

82. The complaint does not state a claim upon which relief can be granted, and should be dismissed pursuant to Rule 12 (b) (6).

## CROSS-CLAIM

83. Defendant Southern Health Partners, Inc. (SHP), provides medical, dental, and mental health services to inmates at the Saline County Detention Center (SCDC) pursuant to a contract dated July 31, 2013. The contract was in force as of November 7, 2015, the date of arrest of decedent, and remained in force thereafter until his death.

84. As part of the contract, SHP agreed to indemnify and hold SCDC and Saline County

harmless for any loss such as the one complained of by Plaintiff. Specifically, the contract provides as follows:

> 8.3 <u>Hold Harmless.</u> SHP agrees to indemnify and hold harmless the County, its agents and employees from and against any and all claims, actions, lawsuits, damages, judgments or liabilities of any kind arising solely out of the aforementioned program of health care services provided by SHP. This duty to indemnify shall include all attorneys' fees and litigations costs and expenses of any kind whatsoever. . . .

These Defendants should have judgment over against SHP for any damages awarded to Plaintiff which are attributable to the actions of SHP.

WHEREFORE, Defendants Saline County, Arkansas, JP Massiet, and Rodney Wright, pray that Plaintiff's complaint be dismissed; for judgment over against Southern Health Partners, Inc., pursuant to their Cross-Claim; for all costs including attorney's fees; and for all other proper relief.

/s/George D. Ellis
GEORGE D. ELLIS (ARK. BAR NO. 72035)
Ellis Law Firm P.A.
Attorney for Saline County, JP Massiet, and Rodney Wright
126 North Main Street
Benton, Arkansas 72015
(501) 315-1000
(501) 315-4222 fax
gellisinbenton@swbell.net

## <u>CERTIFICATE OF SERVICE</u>

On this 20th day of September, 2016, this document was filed using the CM/ECF system which will send notification to all parties in interest; and a copy has been forwarded to Southern Health Partners, Inc., agent for service: CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

/s/George D. Ellis
GEORGE D. ELLIS