IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JOSHUA ARRAS, SPECIAL ADMINISTRATOR**
**OF THE ESTATE OF DONOVAN ARRAS, DECEASED**                **PLAINTIFF**

VS.                            Civil No. 4:16-cv-676

**SALINE COUNTY, ARKANSAS; JP MASSIET,**
**Individually and in his official capacity as Detention**
**Administrator of the Saline County Detention Center**
**Of Saline County, Arkansas; RODNEY WRIGHT, Individually**
**and in his official capacity as Sheriff of Saline County,**
**Arkansas; SOUTHERN HEALTH PARTNERS, INC.;**
**And JANE AND JOHN DOES I-V**                             **DEFENDANTS**

### SEPARATE DEFENDANT SOUTHERN HEALTH PARTNERS, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW,** Separate Defendant**, Southern Health Partners, Inc.** and answers as follows:

1.  To the extent that Paragraph 1 alleges liability against this Defendant, this paragraph is denied.

2.  Separate Defendant denies the allegations of Paragraph 2.

3.  On information and belief, and subject to proof offered by Plaintiff, this Defendant admits the allegations of Paragraph 3.

4.  Separate Defendant admits that Saline County is a political subdivision of the State of Arkansas, but denies the remaining allegations of Paragraph 4.

5.  Separate Defendant admits the allegations of Paragraph 5.

6.  Separate Defendant admits the allegations of Paragraph 6.

7. Separate Defendant admits the allegations of Paragraph 7.

8. Separate Defendant denies the allegations of Paragraph 8.

9. Separate Defendant admits the allegations of Paragraph 9.

10. Separate Defendant admits the allegations of Paragraph 10.

11. Separate Defendant admits that venue is proper in this Court and denies the remaining material allegations of Paragraph 11.

12. Separate Defendant admits the allegations of Paragraph 12.

13. Separate Defendant is without sufficient information to admit or deny the allegations of Paragraph 13, and therefore denies same.

14. Separate Defendant admits that Donavan Arras was a diabetic, but denies the remaining material allegations of Paragraph 14.

15. To the extent that Paragraph 15 alleges liability as against this Defendant, the allegations are denied.

16. To the extent that Paragraph 16 alleges liability as against this Defendant, the allegations are denied.

17. Having admitted that Donovan Arras was diabetic, Separate Defendant denies the remaining material allegations of Paragraph 17.

18. Separate Defendant admits that Donovan Arras reported that he had been previously hospitalized for diabetes, Separate Defendant denies the remaining material allegations of Paragraph 18.

19. Separate Defendant denies the allegations of Paragraph 19.

20. Separate Defendant admits that its employees had knowledge of Donovan Arras' diabetes, but denies the remaining material allegations of Paragraph 20.

21.     Separate Defendant denies the allegations of Paragraph 21.

22.     Separate Defendant denies the allegations of Paragraph 22.

23.     Separate Defendant admits that Donovan Arras exhibited vomiting, but denies the remaining material allegations of Paragraph 23.

24.     Separate Defendant denies the allegations of Paragraph 24.

25.     Separate Defendant admits that Donovan Arras was a diabetic, and required appropriate medical treatment for that condition. Separate Defendant denies the remaining material allegations of Paragraph 25.

26.     Separate Defendant admits the allegations of Paragraph 26.

27.     Separate Defendant denies the allegations of Paragraph 27.

28.     Separate Defendant denies the allegations of Paragraph 28.

29.     Separate Defendant denies the allegations of Paragraph 29.

30.     Separate Defendant admits the allegations of Paragraph 30.

31.     Separate Defendant admits the allegations of Paragraph 31.

32.     Separate Defendant denies the allegations of Paragraph 32.

33.     To the extent that Paragraph 33 alleges liability as against this Defendant, the allegations are denied.

34.     To the extent that Paragraph 34 alleges liability as against this Defendant, the allegations are denied.

35.     To the extent that Paragraph 35 alleges liability as against this Defendant, the allegations are denied.

36.     To the extent that Paragraph 36 alleges liability as against this Defendant, the allegations are denied.

37. To the extent that Paragraph 37 alleges liability as against this Defendant, the allegations are denied.

38. To the extent that Paragraph 38 alleges liability as against this Defendant, the allegations are denied.

39. To the extent that Paragraph 39 alleges liability as against this Defendant, the allegations are denied.

40. To the extent that Paragraph 40 alleges liability as against this Defendant, the allegations are denied.

41. To the extent that Paragraph 41 alleges liability as against this Defendant, the allegations are denied.

42. On information and belief, and subject to proof offered by Plaintiff, Separate Defendant admits the allegations of Paragraph 42.

43. Paragraph 43 does not require a response.

44. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

45. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

46. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

47. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

48. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

49. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

50. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

51. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

52. Paragraph 52 does not require a response.

53. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

54. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

55. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

56. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

57. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

58. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

59. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

60. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

61. Paragraph 61 does not require a response.

62. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

63. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

64. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

65. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

66. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

67. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

68. This paragraph does not appear to allege liability as against this Separate Defendant, but to the extent that it does, the allegations are denied.

69. Paragraph 69 does not require a response.

70. Separate Defendant admits that Southern Health Partners and its healthcare professionals had a duty to provide an appropriate standard of care to detainees housed at Saline County Detention Center.

71. Separate Defendant denies the allegations of Paragraph 71.

72. Separate Defendant denies the allegations of Paragraph 72.

73. Separate Defendant denies the allegations of Paragraph 73.

74. Separate Defendant denies the allegations of Paragraph 74.

75. Separate Defendant denies the allegations of Paragraph 75.

76. Separate Defendant denies the allegations of Paragraph 76.

77. Separate Defendant admits the allegations of Paragraph 77.

78. Separate Defendant denies Separate Defendants specifically reserve the right to plead further in this case as evidence and discovery is developed.

79. Separate Defendant denies each and every, all and singular, the material allegations of Plaintiff's Complaint not specifically admitted herein.

80. Separate Defendant denies all allegations of constitutional or civil rights violations as contained in Plaintiff's Complaint.

81. Separate Defendant denies that any policy or custom of Southern Health Partners, Inc., has caused Plaintiff to suffer any constitutional violation.

82. Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6) and Ark. R. Civ. P. 12(b)(6) because Separate Defendant does not fall within the definition of a "medical care provider" under Ark. Code Ann. §16-114-201(2).

83. Plaintiff's claim should be dismissed for failure to provide an expert affidavit as required by Ark. Code Ann. §16-114-209(b).

## Affirmative Defenses

84. To the extent that any of the following defenses apply, Separate Defendant affirmatively asserts the following:

   A. Statutory immunity
   B. Sovereign immunity;
   C. Qualified immunity;
   D. Failure to mitigate damages;
   E. Punitive damages immunity;
   F. Contributory negligence; and

G.      Failure to state a claim upon which relief can be granted.

85.    The injuries, damages and death complained of by Plaintiff were caused by the conduct of other persons over whom Separate Defendant has no control.

WHEREFORE, Separate Defendant, Southern Health Partners, Inc. requests that the complaint filed herein by Plaintiff be dismissed with prejudice, that costs and attorneys fees be awarded to Separate Defendant, and for all other relief to which it may be justly entitled.

Respectfully submitted,

/s/  James L. Cook
James L. Cook; AR Bar No. 2001174
DUNN, NUTTER & MORGAN, L.L.P.
3601 Richmond Road
Texarkana, Texas 75503
Telephone: (903) 793-5651 Telecopier: (903) 794-5651
Email: jlcook@dnmlawfirm.com

**ATTORNEYS FOR SEPARATE DEFENDANT
SOUTHERN HEALTH PARTNERS, INC.**

### CERTIFICATE OF SERVICE

I, James L. Cook, hereby certify that on September 28, 2016, I served a true and correct copy of the above and foregoing instrument via CM/ECF to all parties of record

/s/  James L. Cook
James L. Cook