## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**JOSHUA ARRAS, SPECIAL ADMINISTRATOR
OF THE ESTATE OF DONOVAN ARRAS, Deceased**                    **PLAINTIFF**

**V.**                              **CASE NO. 4:16-cv-676**

**SALINE COUNTY, ARKANSAS; JP MASSIET, individually and
In his official capacity as Detention Administrator of the Saline
County Detention Center of Saline County, Arkansas;
RODNEY WRIGHT, individually and in his official capacity
as Sheriff of Saline County, Arkansas; SOUTHERN HEALTH
PARTNERS, INC.; AMANDA DAVIS; BREANNA OGDEN;
AND JANE AND JOHN DOES I-V**                             **DEFENDANTS**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 13 2017
JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

### FIRST AMENDED COMPLAINT

Comes now the Plaintiff, Joshua Arras, as Special Administrator of the Estate of

Donovan Arras, deceased, by and through his attorneys, The Law Offices of Peter Miller, and for

his First Amended Complaint against the Defendants, states and alleges as follows:

### I.  INTRODUCTION

1.      This case alleges Saline County Detention Center (hereafter known as "SCDC")

and its officers and employees acted in violation of 42 U.S.C. §1983 in the unconstitutional

treatment leading to death of Donovan Arras, a former detainee at SCDC.

2.      Plaintiff also alleges medical malpractice and negligence by Defendants Southern

Health Partners, Inc., Amanda Davis, and Breanna Ogden in the treatment and care provided to

Donovan Arras while he was detained at SCDC.

### II.  PARTIES

1

3.      Joshua Arras is the Special Administrator for the Estate of Donovan Arras, deceased, by order of Saline County Court, Probate Division, Case No. 63PR-16029-4. Donovan Arras was a resident of Faulkner County, Arkansas. Joshua Arras is a resident of Saline County, Arkansas.

4.      Defendant Saline County, Arkansas, is a duly organized political subdivision of the State of Arkansas, which, exercising powers conferred upon it by the State of Arkansas is responsible for the acts and practices of SCDC and is also responsible for the acts or omissions of its officers and employees.

5.      Defendant JP Massiet is and was at all times relevant hereto employed as the Detention Administrator at SCDC. He may be served at his place of employment, The Saline County Detention Center, 735 S. Neeley St., Benton, Arkansas.

6.      Defendant Rodney Wright is and was at all times relevant hereto the Sheriff of Saline County, Arkansas. He may be served at his place of employment at 735 S. Neeley St., Benton, Arkansas.

7.      Defendant Southern Health Partners, Inc. is a for profit corporation licensed to do business in the State of Arkansas and may be served through their registered agent, CT Corporation System, 124 Capitol Avenue, Suite 1900, Little Rock, Arkansas.

8.      Defendant Amanda Davis at all times pertinent hereto provided medical care at the Saline County Detention Center through Defendant Southern Health Partners, Inc. and was a resident of the State of Arkansas.

9.      Defendant Breanna Ogden at all times pertinent hereto provided medical care at

2

the Saline County Detention Center through Defendant Southern Health Partners, Inc. and was a resident of the State of Arkansas.

10.     John and Jane Does I-V are employees and or officers of SCDC or Southern Health Partners, Inc. who participated in, acted, or acted through omission against Donovan Arras in the cause of his death at SCDC.

### III.     JURISDICTION

11.     Plaintiff brings this action pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment to the Constitution of the United States Constitution and Arkansas Code Annotated §16-62-102. Plaintiff also brings state causes of action under Arkansas Code Annotated §16-62-102, and 16-114-201, et seq., as well as, common-law doctrines of negligence.

12.     This Court has original jurisdiction over this action under 29 U.S.C. § 1331 as this action includes claims which arise under the Constitution or laws of the United States.

13.     Venue is proper as the acts and omissions alleged occurred in Saline County, Arkansas.

### IV.     FACTUAL ALLEGATIONS

14.     Upon information and belief, Southern Health Partners, Inc. provided the medical staffing for the SCDC during all relevant periods of time alleged herein.

15.     On November 7, 2015, Mr. Arras was arrested for a probation violation and placed in custody at the SCDC.

16.     Mr. Arras had Type 1 Diabetes which he had sought treatment for over the majority of his life. Mr. Arras was prescribed and had to take prescription medication every day

3

for his Type 1 Diabetes.

17.     Upon information and belief, Donovan Arras was instructed to take his

prescription diabetes medication, Humilin N and Humilin R, twice a day and daily, respectively.

18.     Upon information and belief, Donovan Arras was instructed to monitor his blood

glucose levels, as paramount to his treatment of his Type 1 Diabetes . A blood glucose reading

over 200 mg/dL was high and signaled the immediate need for medication and treatment.

19.     Mr. Arras's diabetes meant his body produced little to no insulin, which was

required for his body to move glucose in his blood into his cells for energy and bodily function. If

untreated, the glucose in his blood would build-up and cause life-threatening complications and

death.

20.     Mr. Arras's diabetes was documented in his intake forms at SCDC, and his

Inmate Medical Form listed that he had been hospitalized for his diabetes three weeks prior to his

arrest.

21.     Donovan Arras's father, Jimmy Ray Arras, also took Donovan Arras's

prescription medication to the SCDC shortly after his arrest.

22.     Defendants, including the officers and employees of SCDC and medical staff

employed by Southern Health Partners, Inc. knew of Donovan Arras's diabetic health condition

and knew that Mr. Arras's health was exclusively under their care and control while he was

detained at the SCDC.

23.     Defendants deliberately and willfully failed to provide self-evident medical

treatment, including the administration of life sustaining prescription medications, to Donovan

4

Arras.

24.     Upon information and belief, Donovan Arras himself told officers and employees
of SCDC that he needed his diabetes medication.

25.     While in custody at SCDC, Donovan Arras also exhibited physical symptoms
indicating his need for medical attention, including vomiting, weakness, failure to eat,
unresponsiveness, and lack of movement.

26.     Donovan Arras's need for immediate medical attention and treatment was self-
evident and otherwise known to each of the Defendants at all times relevant to this complaint.

27.     Each of the Defendants knew of Donovan Arras's diabetic condition and the need
for him to receive appropriate medical treatment, including having his medications administered
as prescribed.

28.     Two days after his arrest on November 9, 2015, medical staff at SCDC note
Donovan Arras was "taken to booking due to being diabetic and vomiting profusely." A nurse
checked his blood sugar, which was 452 mg/dL, and gave him 5 units of Humilin R and 30 units
of Humilin N. The nurse also indicated that Mr. Arras's "insulin was placed into the [infirmary]
refrigerator.

29.     Later on November 9, 2015, Donovan Arras was again vomiting and, without
checking his blood sugar, is given Promethazine.

30.     Donovan Arras was not treated again or given his insulin for three days until
November 12, 2015 at approximately 2:25p.m. when he was brought to the infirmary. While at
the infirmary on November 12, 2015, Donovan Arras's blood sugar was checked and recorded as

5

381 mg/dL. He was given 5 units of Humilin R and 30 units of Humilin N.

31.    Donovan Arras is placed into holding cell 5 at SCDC on November 12, 2015 at approximately 3:20p.m. and does not leave this cell again until his death the evening of November 15, 2015.

32.    On November 13, 2015, Donovan Arras is seen by a nurse, who witnesses his vomiting. The nurse checked Arras's blood sugar ,which is recorded as 351. Arras was given 30 units of Humilin R and 8mg Zofran.

33.    On November 14, 2015, Corporeal Threlkeld called the nurse to report Donovan Arras was vomiting and requested permission to give him Phenergan for the vomiting.

34.    Upon information and belief, the nurse told Corporeal Threlkeld to check Donovan Arras's blood sugar, to give him insulin if it was over 200, and to record the readings. The nurse's notes make no mention as to Donovan Arras's blood glucose readings or whether he was given his diabetes medication at this time. This is the last note made by nurses regarding Donovan Arras.

35.    Over the next 24 hours, from approximately noon on November 14, 2015 through noon on November 15, 2015, Donovan Arras removes his clothing and lays down in his holding cell. He does not eat any of the food that is brought to his cell and makes no noticeable movement.

36.    A guard comes to his cell and nudges Donovan Arras's shoulder on November 15, 2015 between 11:00am and 11:30am. Arras does not move and the guard leaves his cell.

37.    Between approximately 1:00p.m. and 1:30p.m, a food tray is delivered to

6

Donovan Arras. Mr. Arras does not move and the tray is left untouched until another guard comes in to retrieve the tray. Neither guard checks on Mr. Arras.

38. Between approximately 3:15p.m. and 3:30p.m. on November 15, 2016, a guard comes into Donovan Arras's cell and quickly throws a blanket over Mr. Arras's exposed naked body and leaves. Mr. Arras still has not made any movements.

39. At approximately 5:35p.m. on November 15, 2015, a guard comes into Donovan Arras's holding cell and sees that he is unresponsive and checks his pulse. Other personnel at SCDC are alerted and come in to also check his pulse and roll him over onto his back.

40. At approximately 5:45p.m. additional staff along with Benton fire and rescue come to Donovan Arras's holding cell and a final check for a heartbeat is performed with confirms that Mr. Arras had died.

41. The exact time of Donovan Arras's death is unknown but is believed to have occurred some time between the hours of 4:00a.m. and 5:25p.m. on November 15, 2016.

42. Donovan Arras's body was sent to the Arkansas State crime Laboratory and an autopsy was performed on November 16, 2015.

43. The results of Donovan Arras's autopsy stated his cause of death was diabetic ketoacidosis. The medical examiner's findings during the autopsy supported this conclusion. Those supporting findings include: severely high levels of glucose and ketones in Mr. Arras's urine, blood glucose reading of 506 mg/dL, signs of dehydration, Mr. Arras's history of type 1 diabetes, and that Mr. Arras had no other significant external or internal injuries or any other life-threatening findings.

7

44. Donovan Arras is survived by his wife, Amber Arras; a daughter, Grace Arras; his father, Jimmy Ray Arras; his mother, Bernadette Arras; a sister, Kim Gaitlin; and a brother, Joshua Arras.

## V. CAUSES OF ACTION

### COUNT 1- DUE PROCESS VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

45. The above paragraphs are hereby restated and alleged as if fully incorporated herein.

46. Defendants Saline County, Arkansas; JP Massiet; Rodney Wright; and Jane and John Does I-V, violated Donovan Arras's constitutional rights to due process under the Fourteenth Amendment to the United States Constitution.

47. Defendants actions and omissions violating Donovan Arras's constitutional rights were performed under the color of the law and pursuant to state authority giving rise to a violation of 42 U.S.C. § 1983.

48. Defendants, acting under the color of state law and pursuant to state authority, had a duty to protect Donovan Arras's constitutional rights and to be secure in his life and person while confined by Defendants.

49. Defendant officer and employees of SCDC at all times pertinent hereto were acting in accordance with SCDC policy, practices, training, and procedures.

50. Defendants had a duty to protect Donovan Arras against deliberate indifference to his serious medical need.

51.     Defendants knew of Donovan Arras's serious medical need and that their action

or inaction could cause him substantial harm.

52.     Defendants failed their duty to Donovan Arras by:

   a.     Not providing adequate or appropriate medical care;

   b.     Failing to provide him with his prescribed medications;

   c.     Failing to adequately supervise or monitor Donovan Arras;

   d.     Failing to provide him safe confinement while under state control;

   e.     Acting with deliberate indifference, willfulness, and recklessness
          for his medical needs; and

   f.     Through their acts and omissions failed to protect his rights to due
          process under the United State Constitution.

53.     As a result of Defendants' conduct, Donovan Arras endured unnecessary pain and

suffering for the duration of his confinement at SCDC and died as a result of the acts and

omissions by Defendants.

## COUNT II- CRUEL AND UNUSUAL PUNISHMENT VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

54.     The above paragraphs are hereby restated and alleged as if fully incorporated

herein.

55.     Defendants Saline County, Arkansas; JP Massiet; Rodney Wright; and Jane and

John Does I-V, violated Donovan Arras's constitutional right to be free from cruel and unusual

punishment under the Eighth Amendment to the United States Constitution.

9

56.     Defendants' actions and omissions violating Donovan Arras's constitutional rights were performed under the color of the law and pursuant to state authority giving rise to a violation of 42 U.S.C. § 1983.

57.     Defendants, acting under the color of state law and pursuant to state authority had a duty to protect Donovan Arras's constitutional rights and ensure he was not subjected to cruel and unusual punishment.

58.     Defendant officer and employees of SCDC at all times pertinent hereto were acting in accordance with SCDC policy, practices, training, and procedures.

59.     Defendants had a duty to protect Donovan Arras against deliberate indifference to his serious medical need.

60.     Defendants knew of Donovan Arras's serious medical need and that their action or inaction could cause him substantial harm.

61.     Defendants failed their duty to Donovan Arras by:

        a.     Not providing adequate or appropriate medical care;

        b.     Failing to provide him with his prescribed medications;

        c.     Failing to adequately supervise or monitor Donovan Arras;

        d.     Failing to provide him safe confinement while under state control;

        e.     Acting with deliberate indifference, willfulness, and recklessness for his medical needs; and

        f.     Through their acts and omissions failed to protect his right to be free from cruel and unusual punishment under the Eighth

10

Amendment to the United States Constitution.

62.     As a result of Defendants' conduct, Donovan Arras endured unnecessary pain and suffering for the duration of his confinement at SCDC and died as a result of the acts and omissions by Defendants.

## COUNT III- EQUAL PROTECTION VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

63.     The above paragraphs are hereby restated and alleged as if fully incorporated herein.

64.     Defendants Saline County, Arkansas; JP Massiet; Rodney Wright; and Jane and John Does I-V, violated Donovan Arras's constitutional right to equal protection under the Fourteenth Amendment to the United States Constitution.

65.     Defendants' actions and omissions violating Donovan Arras's constitutional rights were performed under the color of the law and pursuant to state authority giving rise to a violation of 42 U.S.C. § 1983.

66.     Defendant officer and employees of SCDC at all times pertinent hereto were acting in accordance with SCDC policy, practices, training, and procedures.

67.     Defendants, acting under the color of state law and pursuant to state authority had a duty to protect Donovan Arras's constitutional rights and right to equal protection.

68.     Defendants knew of Donovan Arras's serious medical need and that their conduct could cause him substantial harm.

69.     Defendants failed their duty to Donovan Arras by:

11

      a.      Not providing adequate or appropriate medical care;

      b.      Failing to provide him with his prescribed medications;

      c.      Failing to adequately supervise or monitor Donovan Arras;

      d.      Failing to provide him safe confinement while under state control;

      e.      Acting with deliberate indifference, willfulness, and recklessness for his medical needs; and

      f.      Upon information and belief, through their acts and omissions failed to provide the medical treatment accorded to similarly situated citizens.

70.      As a result of Defendants' conduct, Donovan Arras endured unnecessary pain and suffering for the duration of his confinement at SCDC and died as a result of the acts and omissions by Defendants.

## COUNT IV- MEDICAL MALPRACTICE

71.      The above paragraphs are hereby restated and alleged as if fully incorporated herein.

72.      Defendants Southern Health Partners, Inc., Amanda Davis, Breanna Ogden, and Jane and John Does I-V had a duty to provide an appropriate standard of professional care with respect to their treatment of detainees at the SCDC, including Donovan Arras.

73.      Defendants breached this duty to Donovan Arras by:

      a.      Failing to provide adequate medical care;

      b.      Failing to provide the adequate standard of medical care;

        c.       Failing to apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of their profession in good standing engaged in the same type of service in the same or similar locality in which they treat patients;

        d.       Failing to monitor, follow-up, and check on him when they knew of his serious medical condition and need;

        e.       Failing to administer to him his prescribed medications;

        f.       Failing to complete and maintain complete and comprehensive medical records; and

        g.       Negligently directing non-medical staff at SCDC to provide medical care for which they were not licensed, qualified, or adequately trained to perform.

74.     As a result of Defendants' conduct, Donovan Arras endured bodily harm, and unnecessary pain and suffering for the duration of his confinement at SCDC and died as a result of the acts and omissions by Defendants.

75.     Defendants are guilty of medical malpractice which was the proximate cause of Donovan Arras's bodily harm, pain, suffering, and death.

## COUNT VI - NEGLIGENCE

76.     The above paragraphs are hereby restated and alleged as if fully incorporated herein.

77.     Defendants had a duty to reasonably ensure and provide adequate and necessary

13

medical care to inmates at the SCDC, including Donovan Arras.

      78.    Defendants breached this duty to Donovan Arras by:

          a.    Failing to provide adequate medical care;

          b.    Failing to provide the adequate standard of medical care;

          c.    Failing to apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of their profession in good standing engaged in the same type of service in the same or similar locality in which they treat patients;

          d.    Failing to monitor, follow-up, and check on him when they knew of his serious medical condition and need;

          e.    Failing to administer to him his prescribed medications;

          f.    Failing to complete and maintain complete and comprehensive medical records;

          g.    Negligently directing non-medical staff at SCDC to provide medical care for which they were not licensed, qualified, or adequately trained to perform.;

          h.    Failing to provide adequate medical staff or employees at the SCDC;

          i.    Failing to provide or ensure adequate training or supervision of medical staff and employees at the SCDC; and

          j.    Negligently supervising or retaining medical staff and employees at

14

the SCDC.

79.    As a direct and proximate result of Defendants' conduct, Donovan Arras endured bodily harm, unnecessary pain and suffering for the duration of his confinement at SCDC, and died as a result of the negligent acts and omissions by Defendants.

80.    Defendants are guilty of negligence which was the cause of Donovan Arras's bodily injury, pain, suffering, and death.

## VI.    DAMAGES

81.    That as a result of the Defendant's conduct, acts, and omissions Donovan Arras, was damaged as follows:

        a.    He suffered severe bodily harm that resulted in his death, and

        b.    He endured unnecessary pain, suffering, and mental anguish.

82.    Defendants are liable in damages to Donovan Arras's estate for his wrongful death, injury, pain, suffering, and mental anguish which occurred as a result of Defendants' conduct, acts, and omissions, including but not limited to past and future income loss.

83.    Defendants are liable in damages to the wrongful death beneficiaries for Donovan Arras's wrongful death which occurred as a result of their conduct, acts, and omissions, including but not limited to damages for loss of consortium and mental anguish and for loss of the instruction and the physical, moral and intellectual training of a parent to Donovan Arras's minor child.

## VII.    JURY TRIAL.

84.    The Plaintiff demands a jury trial.

15

WHEREFORE, Plaintiff requests this Court to grant him a jury trial and award the Decedent's estate and beneficiaries judgment against the Defendant in a sum which will reasonably compensate the Decedent and his beneficiaries for his wrongful death and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

THE LAW OFFICES OF
PETER A. MILLER
1601 Broadway
Little Rock, AR  72206
Tel: (501)  374-6300
Fax: (501) 907-0661
pedgin@petermillerlaw.com

By: _____
Paige Edgin
Attorney at Law
AR Bar # 2012240

16