IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSHUA ARRAS, SPECIAL ADMINISTRATOR
OF THE ESTATE OF DONOVAN ARRAS, DECEASED               PLAINTIFF

VS.                              Civil No. 4:16-cv-0676

SALINE COUNTY, ARKANSAS; JP MASSIET,
Individually and in his official capacity as Detention
Administrator of the Saline County Detention Center
Of Saline County, Arkansas; RODNEY WRIGHT,
Individually and in his official capacity as Sheriff of
Saline County, Arkansas;
SOUTHERN HEALTH PARTNERS, INC.;
AMANDA DAVIS, BREANNA OGDEN and
JANE AND JOHN DOES I-V                                 DEFENDANTS

### SEPARATE DEFENDANTS AMANDA DAVIS AND BREANNA OGDEN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**COME NOW,** Separate Defendants**, Amanda Davis and Breanna Ogden,** and answer as follows:

1. To the extent that Paragraph 1 alleges liability against these Separate Defendants, this paragraph is denied.

2. Separate Defendants deny the allegations of Paragraph 2.

3. On information and belief, and subject to proof offered by Plaintiff, these Defendants admit the allegations of Paragraph 3.

4. Separate Defendants admit that Saline County is a political subdivision of the State of Arkansas, but deny the remaining allegations of Paragraph 4.

5. Separate Defendants admit the allegations of Paragraph 5.

6. Separate Defendants admit the allegations of Paragraph 6.

7. Separate Defendants admit the allegations of Paragraph 7.

8. Separate Defendants admit that Amanda Davis provided medical care at the Saline County Detention Center through Defendant Southern Health Partners, Inc. but deny the remaining allegations of Paragraph 8.

9. Separate Defendants admit that Breanna Ogden provided medical care at the Saline County Detention Center through Defendant Southern Health Partners, Inc. but deny the remaining allegations of Paragraph 9.

10. Separate Defendants deny the allegations of Paragraph 10.

11. Paragraph 11 does not contain factual allegations and is merely a statement of law, which requires no response, therefore Separate Defendants deny same.

12. Separate Defendants admit the allegations of Paragraph 12.

13. Separate Defendants admit that venue is proper in this Court and deny the remaining material allegations of Paragraph 13.

14. Separate Defendants admit the allegations of Paragraph 14.

15. Separate Defendants are without sufficient information to admit or deny the allegations of Paragraph 15, and therefore deny same.

16. Separate Defendants admit that Donavan Arras was a diabetic, but deny the remaining material allegations of Paragraph 16.

17. To the extent that Paragraph 17 alleges liability as against these Defendants, the allegations are denied.

18. To the extent that Paragraph 18 alleges liability as against these Defendants, the allegations are denied.

19. Having admitted that Donovan Arras was diabetic, Separate Defendants deny the remaining material allegations of Paragraph 19.

20. Separate Defendants admit that Donovan Arras reported that he had been previously hospitalized for diabetes. Separate Defendants deny the remaining material allegations of Paragraph 20.

21. Separate Defendants are without sufficient information to admit or deny the allegations of Paragraph 21, and therefore deny same.

22. Separate Defendants admit that its employees had knowledge of Donovan Arras' diabetes, but deny the remaining material allegations of Paragraph 22.

23. Separate Defendants deny the allegations of Paragraph 23.

24. Separate Defendants deny the allegations of Paragraph 24.

25. Separate Defendants admit that Donovan Arras exhibited vomiting, but deny the remaining material allegations of Paragraph 25.

26. Separate Defendants deny the allegations of Paragraph 26.

27. Separate Defendants admit that Donovan Arras was a diabetic, and required appropriate medical treatment for that condition. Separate Defendants deny the remaining material allegations of Paragraph 27.

28. Separate Defendants admit the allegations of Paragraph 28.

29. Separate Defendants deny the allegations of Paragraph 29.

30. Separate Defendants deny the allegations of Paragraph 30.

31. Separate Defendants deny the allegations of Paragraph 31.

32.   Separate Defendants admit the allegations of Paragraph 32.

33.   Separate Defendants admit the allegations of Paragraph 33.

34.   Separate Defendants deny the allegations of Paragraph 34.

35.   To the extent that Paragraph 35 alleges liability as against these Defendants, the allegations are denied.

36.   To the extent that Paragraph 36 alleges liability as against these Defendants, the allegations are denied.

37.   To the extent that Paragraph 37 alleges liability as against these Defendants, the allegations are denied.

38.   To the extent that Paragraph 38 alleges liability as against these Defendants, the allegations are denied.

39.   To the extent that Paragraph 39 alleges liability as against these Defendants, the allegations are denied.

40.   To the extent that Paragraph 40 alleges liability as against these Defendants, the allegations are denied.

41.   To the extent that Paragraph 41 alleges liability as against these Defendants, the allegations are denied.

42.   To the extent that Paragraph 42 alleges liability as against these Defendants, the allegations are denied.

43.   To the extent that Paragraph 43 alleges liability as against these Defendants, the allegations are denied.

44.   On information and belief, and subject to proof offered by Plaintiff, Separate Defendants admit the allegations of Paragraph 44.

45.     Paragraph 45 does not require a response.

46.     This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

47.     This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

48.     This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

49.     This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

50.     This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

51.     This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

52.     This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

53.     This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

54.     Paragraph 54 does not require a response.

55.     This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

56.     This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

57. This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

58. This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

59. This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

60. This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

61. This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

62. This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

63. Paragraph 63 does not require a response.

64. This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

65. This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

66. This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

67. This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

68. This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

69. This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

70. This paragraph does not appear to allege liability as against these Separate Defendants, but to the extent that it does, the allegations are denied.

71. Paragraph 71 does not require a response.

72. To the extent that Separate Defendants were contractually obligated to provide medical services for only 56 hours per week, Separate Defendants admit that Southern Health Partners and its healthcare professionals had a duty to provide an appropriate standard of care to detainees housed at Saline County Detention Center.

73. Separate Defendants deny the allegations of Paragraph 73.

74. Separate Defendants deny the allegations of Paragraph 74.

75. Separate Defendants deny the allegations of Paragraph 75.

76. Paragraph 76 does not require a response.

77. To the extent that Separate Defendants were contractually obligated to provide medical services for only 56 hours per week, Separate Defendants admit that Southern Health Partners and its healthcare professionals had a duty to provide an appropriate standard of care to detainees housed at Saline County Detention Center.

78. Separate Defendants deny the allegations of Paragraph 78.

79. Separate Defendants deny the allegations of Paragraph 79.

80. Separate Defendants deny the allegations of Paragraph 80.

81. Separate Defendants deny the allegations of Paragraph 81.

82. Separate Defendants deny the allegations of Paragraph 82.

83. Separate Defendants deny the allegations of Paragraph 83.

84. Separate Defendants admit the allegations of Paragraph 84.

85. Separate Defendants deny each and every, all and singular, the material allegations of Plaintiff's Amended Complaint not specifically admitted herein.

86. Separate Defendants deny all allegations of constitutional or civil rights violations as contained in Plaintiff's Amended Complaint.

87. Separate Defendants deny that any policy or custom of Southern Health Partners, Inc., has caused Plaintiff to suffer any constitutional violation.

88. Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6) and Ark. R. Civ. P. 12(b)(6) because Separate Defendants do not fall within the definition of a "medical care provider" under Ark. Code Ann. §16-114-201(2).

89. Plaintiff's claim should be dismissed for failure to provide an expert affidavit as required by Ark. Code Ann. §16-114-209(b).

## **Affirmative Defenses**

90. To the extent that any of the following defenses apply, Separate Defendants affirmatively assert the following:

   A. Statutory immunity
   B. Sovereign immunity;
   C. Qualified immunity;
   D. Failure to mitigate damages;
   E. Punitive damages immunity;
   F. Contributory negligence; and
   G. Failure to state a claim upon which relief can be granted.

91. The injuries, damages and death complained of by Plaintiff were caused by the conduct of other persons over whom Separate Defendants have no control.

WHEREFORE, Separate Defendants, Amanda Davis and Breanna Ogden, request that the complaint filed herein by Plaintiff be dismissed with prejudice, that costs and attorneys fees be awarded to Separate Defendants, and for all other relief to which they may be justly entitled.

Respectfully submitted,

/s/ James L. Cook
James L. Cook; AR Bar No. 2001174
DUNN, NUTTER & MORGAN, L.L.P.
3512 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 793-5651 Telecopier: (903) 794-5651
Email: jlcook@dnmlawfirm.com

**ATTORNEYS FOR SEPARATE DEFENDANTS, AMANDA DAVIS and BREANNA OGDEN**

## CERTIFICATE OF SERVICE

I, James L. Cook, hereby certify that on December 12, 2017, I served a true and correct copy of the above and foregoing instrument via CM/ECF to all parties of record.

/s/ James L. Cook
James L. Cook