IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSHUA ARRAS, SPECIAL ADMINISTRATOR
OF THE ESTATE OF DONOVAN ARRAS, Deceased                    PLAINTIFF

VS.                              NO. 4:16-cv-676

SALINE COUNTY, ARKANSAS; JP MASSIET,
Individually and in his official capacity as Detention
Administrator of the Saline County Detention Center
of Saline County, Arkansas; RODNEY WRIGHT,
Individually and in his official capacity as Sheriff
of Saline County, Arkansas; SOUTHERN HEALTH
PARTNERS, INC.; AMANDA DAVIS; BREANNA
OGDEN; AND JANE AND JOHN DOES I-V                           DEFENDANTS

## PRETRIAL DISCLOSURE SHEET

Pursuant to the requirements of Local Rule 26.2 and Rule 26(a)(3), Fed. R. Civ. P., Saline County, Arkansas, J.P. Massiet, and Rodney Wright (County Defendants), submit this pretrial disclosure sheet:

1. <u>The identity of the party submitting information</u>: Defendants Saline County, Arkansas, J.P. Massiet, and Rodney Wright.

2. <u>The names, addresses, and telephone numbers of all counsel for the party</u>: George D. Ellis, 126 North Main Street, Benton, Arkansas 72015, (501) 315-1000, *gellisinbenton@swbell.net*.

3. <u>A brief summary of claims and relief sought</u>: Plaintiff alleges that Defendants violated the constitutional rights of Donovan Arras by denying medical care and causing his death.

4. <u>Prospects for settlement</u>: The parties are exploring settlement, and a settlement conference is scheduled for April 23, 2018.

5. <u>The basis for jurisdiction and objections to jurisdiction</u>: 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367; 42 U.S.C. § 1983; and the Arkansas Constitution. These Defendants do not

object to jurisdiction.

6. <u>A list of pending motions</u>: There are no pending motions..

7. <u>A concise summary of the facts</u>: On Saturday, November 7, 2015, Donovan Arras was arrested and booked into the Saline County Detention Facility, where he remained until his death on Sunday, November 15, 2015. Intake information revealed that he had diabetes. His blood sugar was checked periodically and he was given insulin periodically during his stay.

A nursing staff is available on-site Monday through Friday. On weekends that same nursing staff is on-call. Jail staff called Nurse Amanda (Defendant Amanda Davis) on November 14, 2015, to report that Donovan Arras said his blood sugar was high and he could not eat and was vomiting. Nurse Amanda stated that she had given him insulin earlier, and that if his reading was over 200, they should give him his insulin and Phenergan for the vomiting. Corporal Threlkeld checked the blood sugar, and because it was 210, he gave Mr. Arras his insulin and the Phenergan. He was being housed in a cell in the booking area for medical observation.

On November 15, 2015, at around 3:45 PM, jail staff knocked on the door, and Mr. Arras raised his head. At around 5:35 PM, jail staff found Mr. Arras to be unresponsive and cold to the touch, and called 911.

8. <u>All proposed stipulations</u>: County Defendants will stipulate that they were acting under color of law at all times.

9. <u>The issues of fact expected to be contested</u>: (1) Whether County Defendants violated Donovan Arras's constitutional rights; (2) Whether the conduct of County Defendants caused the death of Donovan Arras; (3) Whether Saline County, Arkansas, maintained a custom, practice, or policy, the effect of which was to deprive Donovan Arras of his constitutional rights; (4) Whether the conduct of individual deputies deprived Donovan Arras of his constitutional rights.

10. <u>The issues of law expected to be contested</u>: (1) Whether County Defendants' conduct

constituted a constitutional deprivation; (2) Whether the evidence is sufficient to sustain Plaintiff's official-capacity claim; (3) Whether the evidence is sufficient to sustain Plaintiff's individual-capacity claim.

11. <u>A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer</u>: Depositions of the parties; the jail file from Saline County Detention Facility; medical records of Donovan Arras.

12. <u>The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony</u>: County Defendants may call those persons listed as Defendants, all addresses known to Plaintiff. They may also call Plaintiff and any persons listed in Plaintiff's discovery, initial disclosures, pretrial disclosure sheets.

13. <u>The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery</u>: Discovery is complete.

14. <u>An estimate of the length of trial and suggestions for expediting disposition of the action</u>: Four days.

/s/George D. Ellis
GEORGE D. ELLIS (ARK. BAR NO. 72035)
Ellis Law Firm, P.A.
Attorney for Saline County, JP Massiet, and
    Rodney Wright
126 North Main Street
Benton, Arkansas 72015
(501) 315-1000
(501) 315-4222 fax
gellisinbenton@swbell.net

**CERTIFICATE OF SERVICE**

On this 13th day of April, 2018, this document was filed using the CM/ECF system which will send notification to all parties in interest.

/s/George D. Ellis
GEORGE D. ELLIS