**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JOSHUA ARRAS, SPECIAL ADMINISTRATOR
OF THE ESTATE OF DONOVAN ARRAS, DECEASED                PLAINTIFF**

**VS.                    Civil No. 4:16-cv-676**


**SALINE COUNTY, ARKANSAS; JP MASSIET,
Individually and in his official capacity as Detention
Administrator of the Saline County Detention Center
Of Saline County, Arkansas; RODNEY WRIGHT, Individually
and in his official capacity as Sheriff of Saline County,
Arkansas; SOUTHERN HEALTH PARTNERS, INC.;
AMANDA DAVIS; BREANNA OGDEN; and
JANE AND JOHN DOES I-V                    DEFENDANTS**


**PRETRIAL DISCLOSURE SHEET**

COMES NOW Plaintiff, Joshua Arras as Special Administrator of the Estate of

Donovan Arras, by and through his attorney, Paige Edgin and The Law Offices of Peter Miller,

pursuant to the Local 26.2 and Fed. R. Civ. Pro. Rule 26(a)(3), states as follows:

1.    The identity of the party submitting information: Plaintiff Joshua Arras, as Special

Administrator of the Estate of Donovan Arras, deceased.

2.    The names, addresses, and telephone numbers of all counsel for the party: Paige

Edgin, The Law Offices of Peter Miller, 1601 Broadway, Little Rock, Arkansas 72206.

Telephone: 501-374-6300.

3.    A brief summary of claims and relief sought:    Plaintiff is claiming the

Deceased was denied his constitutional rights violating 42 U.S.C. §1983, as well as, medical

malpractice, and general negligence. Plaintiff is seeking damages for the death of Donovan

Arras; infliction of bodily injury to Donovan Arras, Donovan Arras's pain, suffering, and mental

anguish before his death; and loss of consortium by the Deceased's beneficiaries.

4.    Prospects for settlement:    The parties are attempting to settle this matter and a settlement conference is scheduled for April 23, 2018.

5.    The basis for jurisdiction and objections to jurisdiction.    28 U.S.C. § 1331; 28 U.S.C. §1343; 28 U.S.C. §1367; 42 U.S.C. § 1983; and the Arkansas Constitution. There are no objections to jurisdiction.

6.    A list of pending motions: None.

7.    A concise summary of the facts:    Donovan Arras was booked into the Saline County Detention Center on Saturday, November 7, 2015. He died at the Saline County Detention Center from diabetic ketoacidosis after he was found unresponsive on Sunday, November 15, 2015. Donovan Arras was a Type 1 diabetic and his intake paperwork at the Saline County Detention Center indicated he had diabetes. The Saline County Detention Center had a contract for medical services with Southern Health Partners at all relevant times to this action. Southern Health Partners employed one full-time nurse, and one part-time nurse to work Monday through Friday at the Saline County Detention Center. Arras experienced sickness with vomiting, faintness, failure to eat, excessive urination, and strange behavior before his death. Medical records kept at the jail indicate that Arras had his blood sugar tested and was given insulin on a handful of occasions during his stay. His blood sugar readings from his medical records indicate that they were at 452mg/dL on November 9, 2015 and he was given insulin. Arras's blood sugar levels were not taken and he was not given insulin again until November 12, 2015 at which time his blood sugar was recorded at 381mg/dL. The nurses then had him moved to a medical observation cell. He was provided insulin on November 13, 2015 with a blood sugar reading of 351mg/dL by nurse, Defendant Amanda Davis, and again given insulin in the early

morning hours on November 14, 2015 by a jail guard, Corporal Threlkeld, after calling the nurse, Defendant Amanda Davis. On November 14, 2015, Arras continued to vomit and took of all of his clothing. On November 15, 2015, Arras made little to no movement and was found unresponsive later that evening around 5:30PM. An autopsy was done on the Deceased with findings of death due to diabetic ketoacidosis.

8.  <u>All proposed stipulations:</u>

(a)    Plaintiff will stipulate to the authenticity of the medical records from the Saline County Detention Center.

(b)    Plaintiff will stipulate that Southern Health Partners was contracted to provide medical and health services at the Saline County Detention Center.

(c)    Plaintiff will stipulate that Donovan Arras was a Type 1 diabetic.

(d)    Plaintiff will stipulate that the cause of death for Donovan Arras was diabetic ketoacidosis.

9.  The <u>issues of fact expected to be contested:</u>

(a)    Whether Saline County and/or their employees violated Donovan Arras's constitutional rights.

(b)    Whether Saline County and/or their employees knew or should have known about Donovan Arras's serious medical need.

(c)    Whether Saline County and/or their employees acted with deliberate indifference to Donovan Arras's medical needs.

(d)    Whether and to what extent Donovan Arras sustained injury, pain, suffering, or mental anguish due to County Defendants' actions or inactions.

(e)    Whether Defendant nurses Amanda Davis and Breanna Ogden provided

medical care to Donovan Arras meeting the medical standard of care.

       (f)    Whether and to what extent the failure of the Defendant nurses to provide the appropriate standard of medical care resulted in injury, pain, suffering, mental anguish, and/or death to Donovan Arras.

10.    <u>The issues of law expected to be contested.</u>  None.

11.    <u>A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.</u>

<u>Exhibits Plaintiff expects to offer at trial:</u>

       (a)    Saline County Detention Center surveillance video footage;

       (b)    Saline County Detention Center jail file records;

       (c)    Medical records of Donovan Arras from Saline County Detention Center;

       (d)    Autopsy report for Donovan Arras;

       (e)    Photographs of Donovan Arras;

       (f)    Saline County Sheriff's Office Policy and Procedures;

       (g)    Curriculum vitae and expert report of Dr. Lori Roscoe;

       (h)    Curriculum vitae and expert report of Dr. Brian Tulloch;

       (i)    Southern Health Partners' Treatment Protocols; and

       (j)    Southern Health Partners' Policy and Procedure Manual for Health Services in Jails.

<u>Exhibits Plaintiff may offer at trial:</u>

(a)    Blueprint copy of Saline County Detention Center and blueprint copy of Saline County Detention Center with notes from JP Massiet's deposition

(b)    Contract for medical services between Saline County and Southern Health Partners;

(c)    Time log for nurses at Saline County Detention Center;

(d)    Depositions of Defendants;

(e)    Defendants' responses to interrogatories and requests for production of documents;

(f)    Timeline of events;

(g)    Investigation file, including written statements and notes by detention center staff and guards, produced in this action by Defendant Saline County; and

(h)    Any other documents produced by any party or identified by any party in their disclosures or other pleadings in this matter.

12.    The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.

Plaintiff expects to call: Joshua Arras; Bernadette Arras, Jimmy Ray Arras, Amber Arras, Kim Gatlin, JP Massiet; Amanda Davis; Breanna Ogden; Brian Tulloch; and Lori Roscoe – all contact information previously provided to Defendants.

Plaintiff may call: Corporal Threlkeld; Corporal Jerry Holeman; Sergeant Wayne Bean; Deputy Jay Neeld; Deputy Justin Smith; Deputy Crystal McKinney; Deputy Stacey Jones; Deputy Jeremy Brown; Deputy Dustin Burks; Adam Craig; as well as any person identified by

Defendants in their disclosures or in any other pleadings in this matter.

13.    The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery. Discovery is complete.

14.    An estimate of the length of trial and suggestions for expediting disposition of the action. Five days.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ Paige Edgin_____
Paige Edgin, ABN 2012240
The Law Offices of Peter Miller, P.A.
1601 S. Broadway
Little Rock, AR 72206
Tel: 501-374-6300
Fax: 501-907-0661
pedgin@petermillerlaw.com

</div>

## CERTIFICATE OF SERVICE

I, Paige Edgin, hereby certify that a true and correct copy of the foregoing pleading has been filed via CM/ECF, which will provide electronic notice, on this 13th day of April, 2018, to the following:

James Cook
Dunn, Nutter, & Morgan, LLP
3601 Richmond Rd
Texarkana, TX 75503
jlcook@dnmlawfirm.com

George Ellis
Ellis Law Firm
126 North Main Street
Benton, AR 72015
gellisinbenton@swbell.com

<div style="margin-left: 40%;">

/s/ Paige Edgin_____
Paige Edgin

</div>